IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **BARBARA SUITER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11CV00199SNLJ |
| | ) | |
| **GENERAL BAPTIST NURSING HOME**, | ) | |
| a Missouri Non-Profit Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF BARBARA SUITER'S RESPONSE TO DEFENDANT GENERAL BAPTIST NURSING HOME'S STATEMENT OF UNCONTROVERTED FACTS**

Plaintiff Barbara Suiter ("Plaintiff") offers the following Response to Defendant General Baptist Nursing Home's ("Defendant") Statement of Uncontroverted Facts:

**I.    Response to Statement of Uncontroverted Material Facts**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.  Part-time employees are listed on the work schedule whereas on-call employees are not listed on the schedule but are possible employees.  (Deposition of Tracy Cole

-1-

page 22, line 21 through page 25, line 25.)

      10.     Admitted.

      11.     Admitted.

      12.     Denied. Defendant did not merely omit Plaintiff from the work schedule -- Defendant terminated Plaintiff with her last day of working being February 25, 2011. (Deposition of Barbara Suiter, page 16, lines 13 through 17).

      13.     Denied. Defendant unlawfully terminated Plaintiff due to her age. (See Plaintiff Barbara Suiter's Additional Statement of Material Facts Paragraphs 1 through 14, below.)

      14.     Admitted.

      15.     Admitted.

      16.     Admitted.

      17.     Admitted.

      18.     Admitted.

      19.     Admitted.

      20.     Admitted.

      21.     Admitted.

      22.     Admitted.

      23.     Admitted.

      24.     Admitted.

**II.    Additional Statement of Material Facts**

      1.     Defendant hired Plaintiff in 1979. (Deposition of Barbara Suiter, page 5, lines 15 - 24.)

2. Plaintiff worked for Defendant continuously from 1979 to 2011. (Id.)

3. In 2004, plaintiff's work days changed from four days on, two days off to three days on, three days off. (Id. page 8, lines 2 through 25.)

4. Plaintiff's supervisor switched Plaintiff from a cook to a cook's helper after the work schedule change to three days on, three days off. *Id*. at page 11, line 2.

5. Plaintiff's supervisor then switched Plaintiff from three days on, three days off to two days on, four days off. (Page 9, line 1 though Page 12, line 25).

6. Plaintiff last worked at the end of her shift on February 25, 2011. (Deposition of Barbara Suiter, page 16, lines 13 through 17).

7. Defendant decided to leave Plaintiff off the work schedule beginning on March 1, 2011. (Deposition of Marcy Straw, page 12, lines 11 through 19).

8. Marcy Straw and Tracy Cole made the decision on behalf of Defendant to leave Plaintiff off the work schedule beginning on March 1, 2011. (Id.)

9. Plaintiff was the only person in Defendant's dietary department who was not re-scheduled to work on the March 1, 2011, work schedule. (Deposition of Marcy Straw, page 18, lines 2 through 22.)

10. Defendant hired seven (7) new employees from the time period of March 1, 2011 to the middle of June, 2011. (Deposition of Marcy Straw, page 20, line 17 through page 23, line 7 and Exhibit 5).

11. These seven (7) new employees were all younger than Plaintiff with dates of birth ranging from 1971 to 1992. (Deposition of Marcy Straw, page 20, line 17 through page 23, line 7 and Exhibits 5 and 12.)

12.     Many of the younger new employees who were hired for the dietary department was left off the schedule were so bad that they were promptly fired. (Deposition of Marcy Straw, page 27, line 21 through page 29, line 25 and Exhibit 14).

13.     Defendant gave Plaintiff very good employment evaluations never having any problems with the quality or quantity of her work, her dependability, or her honesty.  (Deposition of Tracy Cole, Page 19, line 15 through Page 20, line 7).

14.     Plaintiff had 28 years of seniority with Defendant.  (Deposition of Marcy Straw, page 30, line 18 through page 31, line 5.)

15.     If Defendant had two employees who were qualified for a position, the employee with the most seniority is favored for that position.  (Id.)

16.     Plaintiff's immediate supervisor, Marcy Straw, fired older employees in favor of hiring younger employees.  (Deposition of Wilma Durham, page 14, line 13 through page 16, line 10).

17.     Defendant's employees in the Dietary Department believed that Defendant was trying to get rid of its older employees in favor of younger employees.  (Deposition of Debra Douglas, Page 12, line 8 through page 13, line 2).

18.     After Plaintiff brought this claim, Bill Straw of the Defendant called her and said he might have a few hours for her.  He did not offer her job back to her.  This is the only time that Barbara Suiter was contacted by the Defendant after she was left off the work schedule. (Deposition of Barbara Suiter at page 32).

19.     When Defendant began leaving Plaintiff off the schedule, it had increased the number of hours that a young male employee, Joe Brown, worked.

WHEREFORE, Plaintiff Barbara Suiter respectfully requests that this Court deny Defendant General Baptist Nursing Home's motion for summary judgment in its entirety and grant any further relief the Court deems just and appropriate.

      **Respectfully submitted,**

      **BLANTON, RICE, NICKELL,**
      **COZEAN & COLLINS, L.L.C.**
      219 South Kingshighway, P.O. Box 805
      Sikeston, Missouri 63801
      PHONE (573) 471-1000    FAX (573) 471-1012
      jblanton@blantonlaw.com

**By:**   /s/_____
      **Joseph C. Blanton, Jr.        #32769MO**

*Counsel for Plaintiff Barbara Suiter*

### CERTIFICATE OF SERVICE

**I hereby certify that on this 17th day of December, 2012 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:**

    **Mr. Terry M. McVey**
    **CROW, REYNOLDS, SHETLEY,**
    **McVEY & SCHERER, LLP**
    308 First Street
    Post Office Box 189
    Kennett, MO 63857

*Attorney for Defendant*

      /s/_____
      **Joseph C. Blanton, Jr.**